UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID KAPLAN | ) | CASE NO. 11-34189 |
| | ) | CHAPTER 7 |
| Debtor | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for an evidentiary hearing on the Objection to Exemption filed by the Creditor Gary Wade Puckett (hereinafter "Puckett") and the Motion to Avoid Lien filed by the Debtor. The issues presented were whether the Debtor may claim certain real property exempt under the homestead exemption located in 11 U.S.C. § 522(d)(1). If so, to what extent, if any, does Puckett's judgment lien impair that exemption and, as such, is avoidable under 11 U.S.C. § 522(f). The Debtor appeared and was represented by counsel, and Puckett's counsel appeared for the hearing. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

**FACTS**

The Debtor filed this Chapter 7 bankruptcy petition on August 29, 2011. In his bankruptcy petition, filed under the penalty of perjury, the Debtor listed his residence as 9214 Parkington Court, Louisville, KY (hereinafter referred to as "Parkington Court"). In his Schedule A of Real Property, the Debtor listed two pieces of property. The Debtor listed Parkington Court and also listed a 5 Acre Farm on Antioch Pike, Simpsonville, KY (hereinafter referred to as the "Simpsonville Property"). In the Debtor's Schedule C of Exemptions, the Debtor claimed an exemption in the amount of $21,625.00 in the Simpsonville Property under 11 U.S.C. § 522(d)(1). In Schedule D, the Debtor listed Puckett as a secured creditor holding a $1,120,427.68 claim secured by a judgment lien. The

Debtor also filed a Declaration Concerning Debtor's Schedules, wherein he declared under penalty of perjury that he read the petition and schedules and that they were true and correct to the best of his knowledge, information, and belief.

At his 341 Meeting of Creditors, the Debtor testified that he was living at the Simpsonville Property. When asked when he moved to that property, the Debtor responded "On and off." When questioned about this by Puckett's counsel, the Debtor testified: "Well, as I say, I don't live there permanently. I live wherever I can be comfortable and have someone to take care of me." Upon questioning about the specifics of the Simpsonville Property, the Debtor testified "I guess you could call it a house." He described the property as having two little rooms, which may or may not have included the bathroom.

On September 26, 2011, Puckett filed an Objection to Exemption. In the Objection, Puckett sought an order disallowing the Debtor's claim of exemption in the Simpsonville Property. Puckett asserted that the Debtor listed his residence as the Parkington Court address. Puckett asserted that § 522(d)(1) allows a debtor to claim an exemption only in real property that is used as a residence. Because the Debtor was not using the Simpsonville Property as a residence at the time of the filing of the bankruptcy petition, his claim of exemption in that property should be set aside.

The Debtor filed a Response to Objection to Exemption on October 18, 2011. According to the Debtor, he testified at the 341 Meeting that he has resided at three (3) different places: 1) Parkington Court; 2) the Simpsonville Property; and 3) with his son on Dixie Highway, Louisville, Kentucky. The Debtor further stated "his economic circumstance would best allow him to live at the [Simpsonville Property]".

On November 8, 2011, the Debtor filed his Motion to Avoid Lien. In that motion, the Debtor asserted that Puckett holds a judgment lien on the Simpsonville Property recorded on May 10, 2010

in the amount of $590,000.00 plus court costs of $ 550.70 and interest at 12% per annum from June 17, 2004. The Debtor claimed that this judgment lien impaired his exemption in the Simpsonville Property and requested the Court enter an order avoiding that lien pursuant to § 522(f).

Puckett objected to the Debtor's Motion to Avoid. Puckett raised two points in his objection. First, he notes that he has already disputed the Debtor's claim of exemption in the Simpsonville Property. Second, he stated that even assuming *arguendo* that the Debtor can claim an exemption in the Simpsonville Property, his lien may be avoided only to the extent that it impairs the homestead exemption and not simply deemed "void" as requested by the Debtor.

The Court set the Objection to Exemption and Motion to Avoid Lien for an evidentiary hearing to be heard on March 20, 2012. At the evidentiary hearing, after the admission of all the exhibits, the parties called only two witnesses. Gordon Rose testified that he visited the Simpsonville property and took photos of the property. The photos depicted rural property with two or three metal structures. He further testified that the structures appeared to be industrial buildings, and that, while he did not enter onto the property, he did not observe a living area.

The Debtor was then called to testify. He testified that his current address is Parkington Court, the Simpsonville Property, and with his son on Dixie Highway. The Debtor admitted that Parkington Court was listed on the Debtor's driver's license as his residence. After stating that he stays at all three properties, he then testified that the Parkington Court property is uninhabitable. With regard to the Simpsonville Property, the Debtor testified that there are three structures on the Simpsonville Property. Two of the structures were simply large buildings, with no interior walls wherein the Debtor and his son performed car restorations. The third structure was the "living structure." The Debtor stated that he stayed at the property on March 18, 2012, and the last time was three weeks prior to the trial.

The Debtor testified that he is in poor health and that his daughter stays with him to care for him. He also stated that most of the time, he stays with his son in an apartment on Dixie Highway. While the apartment has three rooms, the Debtor testified he sleeps on the couch at the apartment. He stated that his health conditions necessitate him staying with his son on Dixie rather than at the Simpsonville Property. The Simpsonville Property has a toilet, has a single bed, has a heating stove, but not a cooking stove, nor air conditioning, nor a refrigerator.

On cross examination, the Debtor testified that he <u>wants</u> to live at the Simpsonville Property. Upon further questioning, the Debtor admitted he lives on the Simpsonville Property, if he has to.

## CONCLUSIONS OF LAW

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

### II. Objection to Exemption

As stated above, the first issue for the Court to determine is whether the Debtor may claim an exemption in the Simpsonville Property as a homestead under § 522(d)(1). If so, then the Court must address the Debtor's lien avoidance motion and determine to what, if any, extent Puckett's judicial lien impairs the Debtor's homestead exemption. If the exemption is impaired, then the Court must determine the amount of the impairment and avoid the lien to that, and only that, amount.

Section 522(b) permits an individual debtor who files for bankruptcy to claim certain property as exempt. The effect of the claim of exemption is that such property, if exempted, "is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of [title 11] as if such debt had arisen, before the commencement of the case ... ." 11

U.S.C. § 522(c). The effect is important, because property claimed as exempt cannot be administered by the Chapter 7 trustee (once the exemption determination becomes final) and pre-petition creditors, other than creditors with *in rem* rights that survive the bankruptcy process, cannot enforce their claims against the property.

The Debtor claims a statutory exemption for the Simpsonville Property under 11 U.S.C. § 522(d)(1). Under Federal Rule of Bankruptcy Procedure 4003(c), the party objecting to a claimed exemption bears the burden of proving lack of entitlement.

Section 522(d) specifies the federal exemptions available to debtors. The controversy in this case concerns the homestead exemption under § 522(d)(1). That section provides exemptions for:

> (1) The debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or dependent of the debtor <u>uses as a residence</u>, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d) (emphasis added). The dispute here is caused by the words "uses as a residence." The term "residence" is not defined in the Bankruptcy Code. "Residence" as used in this section is equivalent to "homestead." <u>Makoroff v. Buick (In re Buick)</u>, 237 B.R. 607, 610 (Bankr. W.D. Pa. 1999); <u>In re Brent</u>, 68 B.R. 893, 895 (Bankr. D. Vt. 1987). Homestead, as a property interest, is defined by state law. <u>See</u>, <u>Nobelman v. American Sav. Bank</u>, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993) (<u>quoting</u> Butner v. U.S., 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)).

Generally speaking, Under Kentucky law, it is well settled that a homestead is established by actual intention to live permanently in a place, coupled with an actual use and occupancy. <u>See Williams v. Evans' Adm'r</u>, 247 Ky. 105, 56 S.W.2d 710 (Ky. App. 1933); <u>Tyler's Ex'r v. Williamson</u>, 237 Ky. 579, 36 S.W.2d 34 (Ky. App. 1931)(to establish homestead, one must intend such and

actually make it a residence and maintaining it by conduct as well as by intention). Moreover, an intent to reside at property is insufficient to make property a homestead. Cooper v. Cooper, 230 Ky. 696, 20 S.W.2d 734 (Ky. App. 1929) ("the mere intention of a debtor [to reside on property], never attempted to be consummated in any way, is insufficient."); Higgins v. Higgins, 25 Ky. L. Rptr. 1824, 78 S.W. 1124 (Ky. App. 1904).

From the evidence presented, it is clear to the Court that the Simpsonville Property was not the Debtor's residence on the date of the filing of the bankruptcy petition. The Court does not believe the Debtor ever intended to reside at the Simpsonville Property. This conclusion is supported by the following evidence. First, the Debtor listed Parkington Court as his address on his sworn bankruptcy petition and has the Parkington Court address on his driver's license. While it appears the Parkington Court property may be uninhabitable, in the Debtor's mind, it is still his residence. Second, with respect to the Simpsonville Property, the Debtor testified that one or more of his children needs to stay with him. The Simpsonville Property, however, has only one bed. Next, the Debtor's deteriorating health condition prohibits him from other than an occasional stay at the Simpsonville Property. The Simpsonville Property has no air conditioning, no refrigerator, or cooking stove. While it is not a pre-requisite that a residence have these amenities, the absence of these amenities tends to support the finding that the Debtor does not, nor did he ever, "reside" at the Simpsonville Property. While the Court has no reason to doubt that the Debtor may have stayed overnight on occasions at the Simpsonville Property, such a limited occupancy, coupled with the lack of intent or ability to use the property as a permanent residence, results in a finding that the Simpsonville Property does not qualify as a homestead under Kentucky law and, therefore, would not be exempt under the Bankruptcy Code.

Because the Debtor did not use the Simpsonville Property "as a residence" under § 522(d)(1),

Puckett's Objection to Exemption is due to be sustained. Moreover, since the Debtor cannot properly claim an exemption in this property, his Motion to Avoid Lien must be denied. Without a proper exemption, there cannot be an impairment to that exemption. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge
Dated: March 26, 2012

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re: ) | |
| ) | |
| DAVID KAPLAN ) | CASE NO. 11-34189 |
| Debtor ) | CHAPTER 7 |
| _____ ) | |

## ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Gary Wade Puckett's Objection to Exemption (Doc. No. 14) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Debtor's Motion to Avoid Lien (Doc. No. 51) is **DENIED**.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: March 26, 2012